UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Hahn | : |
| 204 Maple Street | : |
| Danville, PA  17821 | : |
|          Plaintiff | : |
| Vs. | : |
| WELTMAN, WEINBERG & REIS CO., L.P.A. | : |
| 323 WEST LAKESIDE AVE., SUITE 200 | : |
| CLEVELAND, 0H 44113 | : |
| and | : |
| JOHN DOES 1-10 | : |
| and | : |
| X,Y,Z CORPORATIONS | :    Jury Trial Demanded |
|          Defendants | : |

# **COMPLAINT**

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").  The aforementioned statute prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction and Venue is proper in this jurisdiction because a substantial portion of the act(s), omission(s), transaction(s) or occurrence(s) took place in this jurisdiction.

3. Jurisdiction and venue is proper in this jurisdiction because the Defendant(s) transact(s) business here and the conduct complained of occurred in this jurisdiction.

4. Pleadings in connection with the alleged FDCPA violation were exchanged in this jurisdiction.

5. A substantial portion of the transaction(s), occurrence(s) or omission(s) complained of in this action took place in this jurisdiction.

6. Plaintiff resides in this jurisdiction.

7. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. 1337.

8. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

## PARTIES

9. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

10. Plaintiff is Richard Hahn, an adult individual with an address of 204 Maple Street, Danville, PA 17821.

11. Defendants are the following.

    a. WELTMAN, WEINBERG & REIS CO., L.P.A., a business entity with an address including but not limited to 323 WEST LAKESIDE AVE., SUITE 200, CLEVELAND, 0H 44113.

    b. John Does 1-10, individuals whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c. X, Y, Z Corporations, business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act**
**(FDCPA) 15 USC 1692 et. seq.**

12. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

13. Plaintiff is a consumer debtor as defined by the FDCPA.

14. Defendant is a debt collector as defined by the FDCPA.

15. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

16. At all times mentioned herein, Defendant was attempting to collect on a consumer debt from Plaintiff.

17. On or about September 24, 2010, Defendant initiated a civil complaint against Plaintiff in the Court of Common Pleas of Montour County, Pennsylvania, Docket Number 496-2010.

18. Said civil complaint was on behalf of Defendant(s)' client Capital One Bank, for an alleged un-paid credit card account.

19. Defendant attached a purported credit card agreement to the pleadings in the aforementioned action.

20. Defendant included a purported credit card in the discovery materials in the aforementioned action.

21. Said credit card agreement indicated that the governing law in any litigation proceeding would be the law of Virginia.

22. In Defendant(s) pleadings in the aforementioned Capital One civil action, Defendant(s) averred that the date of last payment on the credit card account was February 3, 2007.

23. The law of Virginia provides for a 3 year statute of limitations on credit card debts such as the one alleged in the aforementioned civil action brought by Defendant(s) against Plaintiff.

24. At the time that Defendant(s) initiated the aforementioned civil action against Plaintiff, the alleged contract had been terminated for a period longer than three years.

25. At the time that Defendant(s) initiated the aforementioned civil action against Plaintiff, the alleged contract had been alleged delinquent for a period longer than three years.

26. At the time that Defendant(s) initiated the aforementioned civil action against Plaintiff, the date of last payments had been more than three years prior.

27. The account had never been acknowledged or reaffirmed by Plaintiff in any manner whatsoever.

28. At the time that Defendant(s) initiated the aforementioned civil action against Plaintiff, the purported claim was outside of the applicable statute of limitations for the law of Virginia.

29. At the time that Defendant(s) initiated the aforementioned civil action against Plaintiff, the purported claim was barred by the applicable statute of limitations for the law of Virginia.

30. The issue of the statute of limitations was duly brought to Defendant(s)' attention by Plaintiff in the form of an answer and new matter.

31. After being apprised of the issue of the statute of limitations, Defendant(s) continued to attempt to prosecute the action against Plaintiff in the Court of Common Pleas of Montour County, Pennsylvania.

32. The matter was tried on or about September 12, 2012, in the Court of Common Pleas of Montour County, in Danville, Pennsylvania.

33. After the matter was tried in the Court of Common Pleas of Montour County, Pennsylvania, a verdict was rendered in favor of Plaintiff, Richard Hahn, and against Capital One Bank, because the claim was outside of the statute of limitations.

34. Defendant(s) pursued the above referenced claim in bad faith, having been apprised that the claim was outside the applicable statute of limitations.

35. Defendant(s) actions were unconscionable and illegal, and were in violation of 15 USC 1692 f et. seq. of the FDCPA.

## DAMAGES

36. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

37. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc.

38. Plaintiff demands $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

39. Plaintiff suffered some emotional distress, anger and frustration as a result of Plaintiff's rights being violated by Defendant. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is worth at least $5,000.00.

## ATTORNEY FEES

17. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

18. Plaintiff believes and avers that Plaintiff is entitled to attorney fees of $5,425 at a rate of $350.00 per hour. Services include but not limited to the following.

| | | |
|---|---|---|
| a. | Consultation with client, review of file | 1 |
| b. | Legal Research | 1 |
| c. | Drafting, editing and review, filing and service of answer to Capital One Complaint | 1 |
| d. | Drafting, editing, review and service of response to Capital One's discovery | 1 |
| e. | Drafting, editing, review and service of Discovery requests for Capital One | 1 |
| f. | Round trip Travel to hearing to litigate the Capital One case | 6 |
| g. | Attendance at hearing to litigate the Capital One case | .5 |
| h. | Drafting, editing, review, filing of complaint and related documents in this civil action | 2 |
| i. | Follow up with Defense | 2 |

15.5 x $350 per hour = $5,425

40. The above stated attorney include time spent plus reasonable follow up.

41. Plaintiff's attorney fees continue to accrue as the case move forward.

## OTHER RELIEF

42. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

43. Plaintiff also seeks an injunction against further unlawful collection activity.

44. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

45. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

46. Plaintiff specifically requests / demands a jury trial in this matter.

Wherefore, plaintiff demands judgment against defendant in the amount of $11,426.00.

(actual damages, statutory damages, emotional distress and attorney fees), enumerated below.

$1.00 actual damages

$1,000 statutory damages

$5,000 emotional distress

$5,425 attorney fees

_____

$11,426.00

Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

/s/ Vicki Piontek                    9-6-2012
_____         _____
Vicki Piontek, Esquire               Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com